IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>1) ELIAS CRUZ-MARRERO<br>2) JONATHAN BAEZ-RODRIGUEZ<br>a/k/a Monkey<br>3) ALFREDO CABRERA-RIVERA<br>a/k/a Cano<br>Defendants | CRIMINAL 06-0252CCC |

# O R D E R

Defendant Jonathan Báez-Rodríguez filed a Motion to Suppress Evidence on October 26, 2006 (**docket entry 34**) claiming that he was interrogated by government agents without first being advised of his Miranda rights and seeking suppression of all statements made during said interrogation. The United States opposed said motion on November 8, 2006 (**docket entry 39**), averring that Miranda warnings were indeed provided to defendant before his interrogation and that he had signed a written form so acknowledging. Defendant, however, had also alleged that said written form was provided to him by the agents after they had concluded the interrogation. Both motions were referred to U.S. Magistrate-Judge Vélez-Rivé on November 8, 2006 for hearing and report and recommendation. The suppression hearing was held on November 28, 2006, during which the testimonies of the two interrogating agents and of defendant were presented. A Report and Recommendation was issued by Magistrate-Judge Vélez-Rivé on November 30, 2006 (**docket entry 43**), where she concluded that the testimonies of the two agents that defendant had been Mirandized prior to his interrogation were entirely credible and supported by the written waiver which she found was knowingly and voluntarily initialed and signed by defendant before being interviewed. She, thus, recommended that the suppression motion be denied.

While defendant filed objections to the Report and Recommendation (R&R) on December 11, 2006 (**docket entry 44**), these are plainly meritless. He first indicates that

he was arrested at his house by over twenty five armed agents who supposedly brandished and pointed their weapons at him, and emphasizes that he was not <u>Mirandized</u> at that time.  The fact remains, however, that none of the statements that he seeks to suppress were made by him at the time of the arrest or during his transport to the FBI GSA Office, the place where he was eventually interviewed.

Defendant also quarrels with the Magistrate-Judge's characterization of his testimony as "self-serving" (R&R, at p. 13), averring that the agents' testimonies could be similarly described.  But as the government correctly observed in its response to the Objections filed on January 4, 2007 (**docket entry 46**), the agents' testimonies were confirmed by other evidence on record.  In any event, the conflicting testimonies presented a credibility issue, which the Magistrate-Judge adjudicated in favor of the agents.  We see nothing wrong in her factual determination, which leads to but one inescapable legal conclusion:  defendant was properly <u>Mirandized</u> before his custodial interrogation started.  Accordingly, the Report and Recommendation is APPROVED and ADOPTED, and defendant's  Motion to Suppress Evidence (**docket entry 34**) is DENIED.

The jury trial will be reset by separate Order.

SO ORDERED.

At San Juan, Puerto Rico, on January 24, 2007.

S/CARMEN CONSUELO CEREZO
United States District Judge